UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11342-GAO

THE FPE FOUNDATION,
Plaintiff,

v.

MARTIN P. SOLOMON, as co-trustee of the Qualified Terminable Interest Property Trust,
LEWIS C. COHEN, as co-trustee of the Qualified Terminable Interest Property Trust,
BETSY A. SOLOMON, as trustee of the LLL&B Trust, J. ROBERT CASEY, and
BETSY A. SOLOMON and MARTIN P. SOLOMON, as co-trustees of the
Cohen-Solomon Family Foundation,
Defendants.

OPINION AND ORDER
September 19, 2013

O'TOOLE, D.J.

This case involves a dispute concerning the alleged mismanagement of a Qualified Terminable Interest Property ("QTIP") Trust created by the Maurice M. Cohen Revocable Trust Agreement ("Maurice Revocable Trust"). The QTIP Trust initially held over $6,000,000 of the Maurice Revocable Trust's assets. Marilyn Cohen, Maurice's wife, was the lifetime beneficiary, and at her death, all remaining principal was to pass to the Fund for Philanthropy and Education ("the Fund"). The FPE Foundation ("FPE"), as successor-in-interest to the Fund, brings various tort and contract claims against Martin Solomon and Lewis Cohen, as co-trustees of the QTIP Trust, and their estate planning attorney, J. Robert Casey, alleging that the defendants' conduct prevented FPE from receiving the trust assets to which it is entitled. FPE also sues Betsy Solomon, as trustee of the LLL&B Trust, to which the QTIP is alleged to be a remainderman. FPE alleges that Betsy, in her capacity as trustee, sold real estate in 1996 for $700,000, but neither the QTIP Trust nor FPE received the proceeds from that sale.

Two motions are presently before the Court. First, Betsy Solomon, as trustee of the LLL&B Trust, moves (dkt. no. 23) to dismiss the claims against her, asserting that FPE has no interest in the trust. Second, all defendants except Lewis Cohen move (dkt. no. 27) to dismiss the Complaint and compel arbitration.

**I.**     **Motion to Dismiss as to Betsy Solomon, Trustee of the LLL&B Trust**

In moving to dismiss, Betsy Solomon, as trustee of the LLL&B Trust, presents three trust documents of record which indicate that: (1) Maurice and Marilyn were the sole beneficiaries of the Trust; and (2) the Trust was not amended between 1976, when it was established, and 1996, when the real estate sale at issue took place. Taken together, the documents show that FPE has no claim to an interest in the Trust at the time of the challenged sale.

In opposing the motion, FPE does nothing more than dispute the authenticity of the documents and generally assert that the documents are seemingly inconsistent with Article VI(G) of the Maurice Revocable Trust, which states that "[t]he GRANTOR [Maurice] shall be solely responsible to transfer all beneficial interest he has in the LLL&B Trust to this Trust . . . ." (Compl., Ex. 1 at 24 (dkt. no. 1-1).) According to FPE, this provision and the language surrounding it implies that: (1) Maurice was the sole beneficiary of the LLL&B Trust, and (2) Maurice promised to place his beneficial interest in the LLL&B Trust into the Maurice Revocable Trust, which would have passed to the Fund and subsequently to FPE.

When faced with a motion to dismiss, supported by documentation of record, a plaintiff must do more than simply assert that the documents have not been verified. FPE, in relying solely on the language of the above provision, fails to offer a plausible argument that the documents may be inauthentic. There is no real conflict between the language of the provision and the documents' showing that Maurice and Marilyn were the sole beneficiaries of the LLL&B

Trust and certainly not a sufficiently substantial conflict that the conclusion argued for by FPE can be considered plausible. The Motion (dkt. no. 23) to Dismiss the Complaint as to Betsy Solomon, as trustee of the LLL&B Trust, is GRANTED.

**II.     Motion to Dismiss and Compel Arbitration**

The defendants, with the exception of Lewis Cohen, move to dismiss the Complaint and compel arbitration, pursuant to Article X(E) of the Maurice Revocable Trust: "Any controversy or claim arising out of or relating to this trust agreement, or the breach thereof, shall be settled by arbitration . . . ." (Compl., Ex. 1 at 37.) The movants contend that all the requisite elements for compelling arbitration have been satisfied: "a valid agreement to arbitrate exists, . . . the movant is entitled to invoke the arbitration clause, . . . the other party is bound by that clause, and . . . the claim asserted comes within the clause's scope." Zghaoui v. Sunoco, 2012 WL 1242342, at *1 (D. Mass. Apr. 13, 2012) (quoting Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 552 (1st Cir. 2005)).

FPE and Lewis Cohen oppose, claiming that the movants have waived any right to compel arbitration because of their conduct in two prior state court actions, namely their failure to invoke the arbitration clause in those proceedings. The first action was a declaratory judgment action filed by Betsy Solomon and J. Robert Casey in July 2011 in Suffolk Probate Court concerning the validity of amendments to the Marilyn Cohen Revocable Trust. The second action was a suit filed in October 2011 by Lewis and others in Norfolk Superior Court. The defendants in this second action moved to dismiss due to the pendency of a prior action, pursuant to Mass. R. Civ. P. 12(b)(9), and while this motion was pending, Lewis amended the complaint to add new claims and parties, many of the new claims being similar to those asserted in the Complaint here. As part of their Rule 12(b)(9) motion, the defendants made various affirmative

representations that the entire action belonged in the Suffolk Probate Court. FPE then filed a counterclaim asserting claims identical to the ones in this action, but it voluntarily dismissed the counterclaim and later filed this action.

Waiver should not be "lightly inferred" given the "strong federal policy favoring arbitration." Creative Sol'ns Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001) (internal citations omitted)). According to the Supreme Court, any doubt about arbitrability "should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983). This Court analyzes arbitrability under "federal common law that has developed pursuant to the FAA," not under state law. PaineWebber Inc. v. Elahi, 87 F.3d 589, 593 (citing Id. at 24).

The movants' conduct in the state cases was not an implicit waiver of their contractual right to arbitrate. The first action involved a different trust which did not contain an arbitration clause. Further, even when viewing the facts in the light most favorable to FPE and Lewis Cohen, it does not appear that the "litigation machinery [had] been substantially invoked and the parties were well into preparation of a lawsuit" such that waiver has occurred. Creative Sol'ns Group, 252 F.3d at 32. At most, the parties engaged in a lengthy dispute about the appropriate judicial venue, and the fact that some discovery has been conducted in the probate court action does not itself justify a finding of waiver. Cf. Sevinor v. Merrill Lynch, Perice, Fenner & Smith, Inc., 807 F.2d 16, 19 (1st Cir. 1986) (affirming finding of no waiver where "plaintiffs' assertions of unduly burdensome discovery" consisting of replying to 300 interrogatories and 12 requests for document production were insufficient to show prejudice). In the absence of an effective

waiver, the arbitration clause should be given effect. The Motion (dkt. no. 27) to Dismiss and Compel Arbitration is GRANTED.

The action is DISMISSED WITHOUT PREJUDICE in favor of arbitration.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge