UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11342-GAO

THE FPE FOUNDATION,
Plaintiff,

v.

MARTIN P. SOLOMON, as co-trustee of the Qualified Terminable Interest Property Trust,
LEWIS C. COHEN, as co-trustee of the Qualified Terminable Interest Property Trust,
BETSY A. SOLOMON, as trustee of the LLL&B Trust, J. ROBERT CASEY, and
BETSY A. SOLOMON and MARTIN P. SOLOMON, as co-trustees of the
Cohen-Solomon Family Foundation,
Defendants.

ORDER
March 6, 2014

O'TOOLE, D.J.

The Court's Order (dkt. no. 57), issued on September 19, 2013, granted the pending motions to dismiss and dismissed the action without prejudice in favor of arbitration. The plaintiff, The FPE Foundation ("FPE"), moves for reconsideration and seeks clarification as to whether the Order covers the declaratory judgment counterclaim by the intervenor defendants, Betsy and Martin Solomon as co-trustees of the Cohen-Solomon Family Foundation ("C-S Foundation"), against FPE. Defendant and cross-claimant Lewis Cohen seeks clarification as to whether the Order covers his cross-claims against Attorney J. Robert Casey. This Order resolves all pending motions.

## I.  FPE's Motion for Reconsideration

FPE sets forth "newly discovered evidence" – a letter written by Maurice Cohen in 1993 purporting to change the name of the LLL&B Trust to the LLLB&A Trust to "clarify the inclusion of Amy Lynn Solomon" as "an equal participant and beneficiary together with [his]

other four grandchildren." (FPE's Mot. for Limited Recons., Ex. 1 (dkt. no. 60-1).) FPE's position is that this letter casts doubt on the defendants' position that Maurice and Marilyn were the sole beneficiaries of the LLL&B Trust, and therefore, FPE is entitled to relief under Federal Rule of Civil Procedure 60(b)(2).

To prevail on a Rule 60(b)(2) motion, the movant must establish that "the missing evidence was of such a material and controlling nature as [would] probably [have] change[d] the outcome." MCI Telecomm. Corp. v. Matrix Commc'ns Corp., 135 F.3d 27, 34 (1st Cir. 1998) (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)) (internal quotation marks omitted). The 1993 letter does not meet this standard. FPE's unsupported allegations that (1) Marilyn had a life estate in the LLL&B Trust and (2) the QTIP Trust was the remainderman were insufficient at the time of dismissal. The letter does not lend any support to FPE's assertions; if anything, it casts further doubt.

I decline to reconsider the Order (dkt. no. 57) on motions to dismiss. FPE's Limited Motion for Reconsideration (dkt. no. 59) is DENIED.

## II.     **FPE's Motion for Clarification**

Prior to the entry of the Order granting the motions to dismiss, the Court granted the motion to intervene as defendants by Betsy and Martin Solomon as co-trustees of the C-S Foundation. The Solomons filed an answer and a counterclaim against FPE for a declaratory judgment regarding the parties' September 10 settlement agreement. FPE seeks clarification as to whether the declaratory judgment counterclaim is subject to arbitration, or whether it should be stayed pending arbitration.

The Order dismissed, without prejudice, the entire action including the counterclaim. To the extent that FPE asks the Court to reconsider that decision, such request is denied. FPE offers no new arguments that have not already been considered.

FPE's Motion for Clarification (dkt. no. 61) is DENIED.

### III. Cohen's Motion for Clarification

Likewise, the Order dismissed Cohen's claims against Casey in favor of arbitration. The arguments that Cohen offers now are identical to those offered at the motion hearing, and I decline to reconsider my prior ruling.

Cohen's Motion for Clarification (dkt. no. 63) is DENIED.

### IV. Conclusion

For the reasons stated herein, all pending motions (dkt. nos. 59, 61, 63) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge